IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

SUE E. WALSH,                                :
                                             :
    Plaintiff,                              :
                                             :
vs.                                          :  Civil Action No.
                                             :  **5:04-CV-213** (RLH)
JO ANNE B. BARNHART,                         :
Commissioner of Social Security,             :
                                             :
    Defendant.                              :
_____

**ORDER**

    The plaintiff herein filed an application for disability and disability insurance benefits in December of 2001. The applications were denied initially and upon reconsideration, and the plaintiff then requested a hearing before an Administrative Law Judge (ALJ), which was held on November 25, 2003. In a decision dated January 28, 2004, the ALJ denied plaintiff's claims. The Appeals Council affirmed the ALJ's decision, making it the final decision of the Commissioner. The plaintiff subsequently filed an appeal to this court. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted. Both parties have consented to the United States Magistrate Judge conducting any and all proceedings herein, including but not limited to the ordering of the entry of judgment. The parties may appeal from this judgment, as permitted by law, directly to the Eleventh Circuit Court of Appeals. 28 U.S.C. § 636(c)(3).

DISCUSSION

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence.  <u>Bloodsworth v. Heckler</u>, 703 F.2d 1233, 1239 (11th Cir. 1983).  The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue.  <u>Cornelius v. Sullivan</u>, 936 F.2d 1143, 1145 (11th Cir. 1991); <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971).  In reviewing the ALJ's decision for support by substantial evidence, this court may not re-weigh the evidence or substitute its judgment for that of the Commissioner.  "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence."  <u>Bloodsworth</u>, 703 F.2d at 1239.  "In contrast, the [Commissioners'] conclusions of law are not presumed valid....The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."  <u>Cornelius</u>, 936 F.2d at 1145-1146.

20 C.F.R. § 404.1520 (1985) provides for a sequential evaluation process to determine whether a claimant is entitled to Social Security disability benefits.  The Secretary employs the following step-by-step analysis in evaluating a claimant's disability claims:  (1) whether the claimant is engaged in gainful employment;  (2) whether claimant suffers from a severe impairment which has lasted or can be expected to last for a continuous period of at least twelve months;  (3) whether claimant suffers from any of the impairments set forth in the listings of impairments provided in Appendix 1;  (4) whether the impairments prevent claimant from returning to his previous work;  and (5) whether claimant is disabled in light of age, education,

and residual functional capacity.  Ambers v. Heckler, 736 F.2d 1467, 1470-71 (11th Cir.1984). Should a person be determined disabled or not disabled at any stage of the above analysis, further inquiry pursuant to the analysis ceases. Accordingly, if a claimant's condition meets an impairment set forth in the listings, the claimant is adjudged disabled without considering age, education, and work experience.  20 C.F.R. § 404.1520(d).

The ALJ concluded that plaintiff had "severe" impairments of status post cervical diskectomy and right hand carpel tunnel syndrome, but retained the residual functional capacity to perform a range of medium work with limitation on her ability to use her right hand repetitively.

**"Severe" Impairment**

Plaintiff asserts error on the part of the ALJ to fail to consider fibromyalgia to be a "severe" impairment.

An impairment is not severe if it is a slight abnormality or a combination of slight abnormalities which would have not more than a minimal effect on the individual's physical or mental abilities to perform basic work activities.  20 C.F.R. § 404.1521(a).  Social Security Ruling (SSR) 96-3p provides that

> [a] determination that an individual's impairment(s) is not severe requires a careful evaluation of the medical findings that describe the impairment(s) ...and an informed judgment about the limitations and restrictions the impairment(s) and related symptom(s) impose on the individual's physical and mental ability to do basic work activities.

An impairment may be considered not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work.  Brady v. Heckler 724 F.2d 914, 920 (11th Cir. 1984).

 Plaintiff's medical records show a history of fibromyalgia diagnoses, with muscular pain as

early as 1990. (Tr. 148). Dr. Gladin noted plaintiff's symptoms commensurate with fibromyalgia in October of 2000, including non-restive sleep; labile, teary mood; and fatigue. (Tr. 161). Plaintiff continued to complain of muscle and joint pain, and Dr. Gladin referred plaintiff to a rheumatologist. (Tr. 159).

Plaintiff was examined by Dr. Fondal, a rheumatologist, on July 3, 2001. Dr. Fondal diagnosed fibromyalgia and migratory polyarthralgia, and ruled out rheumatoid arthritis and systemic lupus erythmatosus. (Tr. 138). Plaintiff continued to see Dr. Gladin.

Plaintiff was also seen by Dr. Smisson for problems with her right shoulder, arm and neck pain, beginning in February of 2002. Dr. Smisson, after a course of conservative treatment, scheduled plaintiff for an anterior cervical diskectomy and fusion with autogenous iliac bone graft at C5-6 and C6-7, and removal of osteophytes and plating of the anterior cervical on June 13, 2002. (TR. 190-192; 199).

Plaintiff continued to experience tightness and soreness in the neck several months after surgery with neuritis in the right upper extremity. (Tr. 176). Physical therapy gave little improvement. (Tr 167-171).

Plaintiff was examined by Dr. Shoffner in October of 2002, who opined that plaintiff appeared to be suffering from carpal tunnel syndrome. (Tr. 290). Plaintiff began treatment with Dr. Al-Shroof in January of 2003, who diagnosed fibromyalgia, right upper extremity radiculopathy, restless leg syndrome, hypertension, and GERD. (Tr. 232). Dr. Al-Shroof added carpal tunnel syndrome after testing. (Tr. 228). Dr. Al-Shroof also diagnosed chronic fatigue syndrom and depression on subsequent visits (Tr. 301-302).

The Commissioner acknowledges that the ALJ misstated that Dr. Fondal did not confirm the

diagnosis of fibromyalgia. (Tr. 15). However, the Commissioner argues that the ALJ later discussed plaintiff's fibromyalgia diagnosis as treated by Dr. Gladin, who noted that plaintiff's fibromyalgia and depression were stable on medication. (Tr. 16).

The ALJ discounted plaintiff's fibromyalgia diagnoses, and misquoted Dr. Fondal's diagnosis finding fibromyalgia.   The Commissioner argues there is no evidence in the record that this condition is disabling, alone or in combination with plaintiff's other impairments.  While this statement may be true, it is also true that the ALJ did not consider the effects of fibromyalgia, alone or in combination, on plaintiff's ability to perform work, because he did not find it to be a "severe" impairment.  This failure was error.  The record shows several different treating physicians diagnosed plaintiff with this impairment.  The ALJ failed to discount this medical evidence.  Upon remand, the ALJ should reassess plaintiff's fibromyalgia as a "severe" impairment, and gauge what effects this impairment, alone or in combination with plaintiff's other impairment, has on plaintiff's residual functional capacity.

*Treating Physician*

Plaintiff asserts that the ALJ improperly discounted the opinion of her treating physicians. The Court of Appeals has held that good cause must be shown if the opinion of the treating physician is discounted; a non-examining physician's opinion is entitled to little weight if it is contrary to the opinion of the claimant's treating physician.  See  Broughton v. Heckler, 776 F.2d 960 (11th Cir.1985).  "The Secretary must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir.1986).  Where the medical evidence does not conclusively counter the treating physician's opinion, and no other good cause is presented,

the treating physician's opinion cannot be discounted.  <u>Scnorr v. Bowen</u>, 816 F.2d 578, 581 (11th Cir. 1987).  Moreover, the ALJ cannot substitute his opinion for that of a medical expert.  <u>Freeman v. Schweiker</u>, 681 F.2d 727, 731 (11th Cir. 1982).

   Specifically, plaintiff states that the ALJ should not have discounted the opinion of her treating physician, Dr. Al-Shroof.   Dr. Al-Shroof submitted an arthritis residual functional capacity questionnaire.  The ALJ stresses in his decision that Dr. Al-Shroof completed this questionnaire after having only seen plaintiff on two occasions.  (Tr. 17).  Th ALJ went so far as to highlight this in bold print in his decision.  The Commissioner makes the argument that Dr. Al-Shroof did not have a "longitudinal perspective" on plaintiff's medical condition.

   The undersigned does not find the commissioner persuasive on this point.  Consultative examiners are frequently asked to assess a claimant's impairments based upon only one examination.  The length of time in between the visits is not necessarily indicative of the accuracy of Dr. Al-Shroof's findings, especially when the ALJ did not discuss any other reasons for discounting this opinion. Upon remand, the ALJ should reconsider Dr. Al-Shroof's findings.

   Inasmuch as the Commissioner's final decision in this matter is not supported by substantial evidence, it is the ORDER of the undersigned that the Commissioner's decision be **REMANDED for further consideration** in accordance with this order pursuant to Sentence Four of § 405 (g).

**SO ORDERED**, this 26nd day of September, 2005.


                                        //S Richard L. Hodge
                                        RICHARD L. HODGE
msd                                     UNITED STATES MAGISTRATE JUDGE